# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS D. YBARRA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. 4:18-cv-00814-DGK |
| | ) | Crim. No. 4:12-cr-00268-DGK-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

A jury convicted Movant Travis D. Ybarra of two crimes arising out of his involvement in distributing methamphetamine in the Kansas City, Missouri, area. He now moves pro se to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 2), arguing that the plea advice of his former counsel, Byron Woehlecke, was constitutionally ineffective. As set forth below, the motion is DENIED.

## Background

A grand jury returned a superseding indictment charging Movant and sixteen other individuals for their involvement in a methamphetamine-trafficking organization. Movant was charged with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). Sometime before trial, the Government offered Movant a plea deal of fifteen years' imprisonment, which Movant rejected. He instructed Mr. Woehlecke to negotiate a twelve-year offer, but Mr. Woehlecke was unable to do so. Then, immediately before trial, the Government offered Movant a plea deal of twenty-one to twenty-five years.

Although Mr. Woehlecke did not inform Movant of this offer in time to accept it, Movant affirmed on the morning of his trial that he would have rejected it even had he known about it.

A jury convicted Movant of both offenses, and the Court sentenced him to thirty years' imprisonment and five years' supervised release. He appealed, and the Eighth Circuit affirmed his conviction, noting that "there was substantial evidence of [Movant's] guilt." *Ybarra v. United States*, 700 Fed. Appx. 543, 546 (8th Cir. 2017). Movant then filed the pending motion to vacate his sentence[1] based on the alleged ineffective assistance of his trial counsel. Among other things, he argues that he turned down the plea offer and unsuccessfully tried his case on Mr. Woehlecke's advice. The Court appointed counsel to represent movant and held an evidentiary hearing to address this argument. *See Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015) ("When a district court receives conflicting statements—one from a § 2255 petitioner and one from her former counsel—the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing." (internal quotations, alterations, and citation omitted)). Movant appeared and testified, as did Mr. Woehlecke.

**Standard**

To obtain relief for the ineffective assistance of counsel, the movant must make two showings. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He must first show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* He must also show a reasonable probability that, but for these errors, "the result of the proceeding would have been different." *Id.* at 694. This is a "heavy burden," *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996), especially since courts indulge

---

[1] Movant requested leave to supplement his initial petition. The Court denied this request because at that time Movant was represented by an attorney. The Court has considered Movant's supplemental briefing in reaching the conclusions set forth in this order but finds that it does not change the result.

2

a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

## Discussion

The crux of Movant's petition is that he rejected two plea offers based on the ineffective advice of his counsel. In this context, *Strickland* requires a movant to show that

> but for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were in fact imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (citation omitted).

Movant alleges that Mr. Woehlecke downplayed the strength of the Government's case and advised him to proceed to trial. Mr. Woehlecke refuted these claims in both an affidavit filed in response to Movant's petition and his hearing testimony. He stated that he presented the fifteen-year plea offer to Movant and advised him that it would be in his best interest to accept it. He claimed that Movant found the offer unfair and insisted that he would accept only a plea of twelve years or fewer, since such an offer was extended to one of his co-conspirators. Mr. Woehlecke stated that, having failed to secure a shorter offer, he again informed Movant that it would be in his best interest to take the plea. He added that Movant had been made fully aware of the potential consequences of proceeding to trial and that Movant is incorrect in claiming that he was ignorant of the evidence against him.

The Court finds Mr. Woehlecke credible based on the consistency of his account and his demeanor at the evidentiary hearing. The Court finds Movant not credible. For one, he admitted receiving more evidence from his attorney than he acknowledged in his motion, including numerous proffers from co-conspirators. And although he claims that Mr. Woehlecke told him

that the only evidence against him was ambiguous phone recordings and eighty-one grams of methamphetamine found at his house, he testified that Mr. Woehlecke said that his provable drug quantity would be between 500 and 1500 grams.  Movant, furthermore, did not testify that Mr. Woehlecke advised him to proceed to trial.  Nor did he state that he was unaware of his possible sentence if found guilty.  In light of these and other factors, the Court finds that Movant has failed to show that Mr. Woehlecke committed any constitutionally deficient errors with respect to his plea advice.  Even if he had, the Court finds that Movant would not have accepted the Government's plea offers in any event.

Movant also faults Mr. Woehlecke for not filing substantive pretrial motions.  He states that such motions presented a "golden opportunity" to subject the Government's case to meaningful adversarial testing.  But an attorney's effectiveness is not gauged by whether he files meritless motions.  *See Kim v. United States*, No. 3:07-cr-31, 2009 WL 2151124, at *2 (D.N.D. July 15, 2019) (citing *Kimmelman v. Morrison*, 477 U.S. 265, 384 (1986)).  Although Movant names several motions that counsel could have filed, including a motion to suppress and a motion to compel the production of wrongfully withheld evidence, he does not explain specifically what these motions would have entailed, how they would have succeeded, or how they would have resulted in him pleading guilty rather than proceeding to trial.  *See id.* (citing *White v. Helling*, 194 F.3d 937, 942 (8th Cir. 2009)).  He has therefore failed to satisfy either prong of the *Strickland* test on this claim.

Movant attacks Mr. Woehlecke's strategy on other grounds as well.  He argues that Mr. Woehlecke failed to adequately investigate his case by not researching applicable case law, hiring a private investigator, or interviewing witnesses.  He also states that Mr. Woehlecke should have called certain co-conspirators as witnesses, cross-examined the Government's witnesses, and filed

a motion for acquittal.  Here too Movant fails to show both that Mr. Woehleke committed errors and that his performance prejudiced him.  Movant's arguments lack specificity, and his assertion that he would have pleaded guilty had Mr. Woehlecke performed differently is conclusory and rebutted by Mr. Woehlecke's affidavit and testimony.

Moreover, Mr. Woehlecke did cross-examine the Government's witnesses and move for acquittal at the close of the Government's evidence.  The Court orally denied the motion, and a later filing would not have changed this result.  In addition, Mr. Woehlecke's decision not to call Movant's co-conspirators to testify was reasonable, since they would be subject to cross-examination, and his strategy was to distance his client from them as much as possible.  *See Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) ("[A] reasoned decision not to call a witness is a virtually unchallengeable decision of trial strategy[.] . . . [I]f the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences." (internal quotations and citation omitted)).

Movant next claims that Mr. Woehlecke should have secured a more favorable plea agreement than the fifteen-year deal offered by the Government.  However, Movant fails to show that, but for Mr. Woehlecke's purported errors, the Government would have offered—and the Court accepted—a better deal.  *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (denying a similar argument where the movant "allege[d] no facts that would suggest that his attorney could have *successfully* negotiated a plea agreement" (emphasis added)).  He states only that he instructed Mr. Woehlecke to obtain a twelve-year deal like that offered to one of his co-conspirators.  Mr. Woehlecke did try to negotiate for a better plea.  That his efforts proved unsuccessful does not render his assistance ineffective.

Movant also advances two arguments related to Mr. Woehlecke's performance at sentencing. He first maintains that Mr. Woehlecke failed to review and discuss with him the pre-sentence investigation report ("PSR"). Mr. Woehlecke credibly refuted this claim, however, and, in any event, Movant offers no explanation of how he was prejudiced by this alleged error. Movant also claims that Mr. Woehlecke did not object to the PSR. Yet, Mr. Woehlecke set forth objections to the PSR in his sentencing memorandum and argued these objections at the sentencing hearing. In fact, one of his objections resulted in a significant reduction of the guideline imprisonment range, and the Court sentenced Movant to the bottom of that range. Movant, moreover, filed his own objections to the PSR, as he told Mr. Woehlecke he would, and these served as the basis for many of Mr. Woehlecke's arguments. Movant therefore has not shown that his former counsel's failure to object as requested prejudiced him.[2]

Movant finally alleges that Mr. Woehlecke was ineffective for failing to file a notice of appeal. Such a failure can constitute ineffective assistance of counsel even without a separate showing of prejudice, since it "deprives a defendant of his right to appeal" and prejudice is presumed. *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir. 1982) (internal quotations and citation omitted). But, as Movant acknowledges, he filed a notice of appeal himself. Mr. Woehlecke therefore did not deprive him of this right. *See Roe v. Flores-Ortega*, 528 U.S. 470,

---

[2] Movant maintains that Mr. Woehlecke should have objected at sentencing based on *Alleyne v. United States*, 570 U.S. 99, 103 (2013). There the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury [and found beyond a reasonable doubt]." He argues that the Court erroneously decided the weight of drugs attributable to him at sentencing based on a preponderance of the evidence.

However, the jury found specifically that Movant conspired to distribute 500 grams or more of methamphetamine, for which the statutory range of punishment is ten years to life. 21 U.S.C. § 841(b)(1)(A). Movant's thirty-year sentence is therefore permissible, since *Alleyne* does not prohibit judicial factfinding with respect to the advisory guideline range. *See United States v. Davis*, 753 F.3d 1361, 1361-62 (8th Cir. 2014) ("Regarding whether a jury is required, application of a statutory maximum or minimum are to be distinguished from 'factfinding used to guide judicial discretion in selecting punishment within limits fixed by law.'" (quoting *Alleyne*, 570 U.S. at 113 n.2)).

6

484 (2000) (requiring that "counsel's deficient performance must actually cause the forfeiture of the appeal").

**Conclusion**

Movant has failed to show that his counsel's assistance was constitutionally ineffective. His motion to vacate, set aside, or correct his sentence is therefore DENIED. And because no reasonable jurist would grant the motion, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (citation omitted).

**IT IS SO ORDERED.**

Date: August 16, 2019 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT